IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| AARATI ZALA, <br> DHARMPALSINH (VICKRAM) DEVDA, <br> HARISINH ZALA, <br> MAHENDRASINH ZALA, <br> MEENABAHEN ZALA, <br><br> **Plaintiffs,** <br><br> v. <br><br><br> DEEP MANAGEMENT INC., <br> BELLE MEADE MANAGEMENT, LLC <br> 3210 S. Main St <br> Harrisonburg, VA 22801, <br><br> KIRAN GORADIA, <br> 841 Mockingbird Drive <br> Harrisonburg, VA 22802, <br><br> ROHINI PATEL and <br> PRADEEPKUMAR PATEL <br> 102 Spring Meadow Lane <br> Staunton, VA 24401 <br><br> **Defendants.** | **Case No.:** 5:22-cv-00058 <br><br> **Complaint** |

## ORIGINAL COMPLAINT

Plaintiffs Aarati Zala ("Aarati"), Dharmpalsinh (Vickram) Devda ("Vickram"), Harisinh Zala ("Harisinh"), Mahendrasinh Zala ("Mahendrasinh") and Meenabahen Zala ("Meenabahen") (collectively "Plaintiffs"), bring this Complaint against Defendants Deep Management, Inc. ("Deep"), Belle Meade Management, LLC ("Belle Meade"), Rohini Patel ("Rohini"), Pradeepkumar Patel ("Pradeepkumar"), Kiran Goradia ("Kiran") (collectively "Defendants") seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. § 216(b) *et seq*. ("FLSA") and 42 U.S.C. § 1981 ("Section 1981").

1

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' claims is proper under 28 U.S.C. § 1331. Claims that are found to arise under state law are properly before the Court under 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiffs' claims occurred within this District and Defendants are each domiciled in this District.

## PARTIES

3. Plaintiff Aarati Zala ("Aarati") is an adult individual residing in Newton, Iowa. Plaintiff Aarati was employed by Defendants as a Front Desk Attendant, Parking Attendant and Housekeeper from approximately August 2020 through December 2020.

4. Plaintiff Dharmpalsinh (Vickram) Devda ("Vickram") is an adult individual residing in Newton, Iowa. Plaintiff Vickram was employed by Defendants as a Front Desk Attendant from approximately August 2020 through December 2020.

5. Plaintiff Harisinh Zala ("Harisinh") is an adult individual residing in Newton, Iowa. Plaintiff Harisinh was employed by Defendants as a Front Desk Attendant and Laundry Person from approximately August 2020 through December 2020.

6. Plaintiff Mahendrasinh Zala ("Mahendrasinh") is an adult individual residing in Newton, Iowa. Plaintiff Mahendrasinh was employed by Defendants as a Housekeeper from approximately August 2020 through December 2020.

7. Plaintiff Meenabahen Zala ("Meenabahen") is an adult individual residing in Newton, Iowa. Plaintiff Meenabahen was employed by Defendants as a Housekeeper from approximately August 2020 through December 2020.

8. Defendants Deep Management, Inc. ("Deep") is a Virginia Corporation

headquartered in Harrisonburg, Virginia, and at all times relevant to the Complaint, along with co-defendants, employed Plaintiffs.

9. Defendant Belle Meade Management, LLC ("Belle Meade") (collectively with Deep, "Corporate Defendants") is a Virginia Limited Liability Company headquartered in Harrisonburg, Virginia, and at all times relevant to the Complaint, along with co-defendants, employed Plaintiffs.

10. Defendant Rohini Patel ("Rohini") is an adult residing in Staunton, Virginia and is an owner and officer of Corporate Defendants responsible for the illegal payroll and discriminatory practices at issue in this action.

11. Defendant Pradeepkumar Patel ("Pradeepkumar") is an adult residing in Staunton, Virginia and is an owner and officer of Corporate Defendants responsible for the illegal payroll and discriminatory practices at issue in this action.

12. Defendant Kiran Goradia ("Kiran") (collectively with Rohini, "Individual Defendants") is an adult residing in Harrisonburg, Virginia and is an owner and officer of Corporate Defendants responsible for the illegal payroll and discriminatory practices at issue in this action.

## FACTS

13. Corporate Defendants (and approximately 6-10 other corporate entities yet to be discovered) own and operate several franchised hotels and motels in the Harrisonburg, Virginia area, including the Motel 6 at 3210 S. Main Street in Harrisonburg, Virginia (the "Motel 6") and the Red Roof Inn at 855 Bells Lane in Staunton, Virginia (the "Red Roof"). Individual Defendants are co-owners and principal agents of Corporate Defendants.

14. On behalf of Corporate Defendants, Rohini posted an advertisement in the Gujarat

Times and the News India Times (online Indian-American newspaper publications), seeking to employ front desk and housekeeping workers. At the time, all Plaintiffs were living in Atlantic, Iowa.

15. In or around late July 2020, Plaintiffs each spoke with Rohini over the telephone about the positions. During that conversation or shortly thereafter, Rohini offered each of Plaintiffs employment at Corporate Defendant's Motel 6 and Red Roof Inn at the rate of $12.50 per hour, plus lodging. More specifically, Plaintiffs Aarati and Vickram were hired to work at Red Roof and Plaintiffs Harisinh, Mahendrasinh, and Meenabahen were hired to work at Motel 6. Plaintiffs each accepted their offer and in reliance, moved to Harrisonburg, Virginia.

16. Plaintiffs incurred significant expense in their move.

17. On or about August 1, 2020, Plaintiffs began their employment with Defendants.

18. Plaintiffs each worked approximately 112 hours per week (16 hours per day, seven days per week).

19. Plaintiffs Aarati and Vickram worked at Red Roof until approximately September 4, 2020 until they were transferred by Defendants to work at Motel 6 from approximately September 4, 2020 through approximately December 18, 2020.

20. Plaintiffs Harisnh, Mahendrasinh, and Meenabahen worked at Red Roof from approximately August 1, 2020 through approximately December 4, 2020.

21. In approximately the first two weeks of work, Plaintiffs Vickram and Mahrendrasinh were paid $12.50 per hour worked (without any overtime premium), and $10 per hour (without any overtime premium) thereafter through the end of their employment.

22. Plaintiffs Aarati, Harisinh and Meenabahen were never paid any wages at all for their work for Defendants.

23. In or around mid-August 2020, Plaintiffs questioned Rohini about why they were not each paid the agreed-upon $12.50 per hour. Rohini responded that Defendants "can't afford" $12.50, and that Plaintiffs would instead be paid $10 per hour.

24. Plaintiffs were not exempt under the FLSA from an entitlement to minimum wage or overtime premium pay for hours worked more than 40 hours in any given week.

25. There was no subjectively or objectively reasonable basis for any of Defendants to believe that Plaintiffs were not required to be paid at least the minimum wage and overtime pay. Defendants knew it was illegal to deny Plaintiffs at least the minimum wage and overtime pay and they purposely chose to ignore the FLSA's legal requirements.

**Discrimination and Hostile Work Environment**

26. Plaintiffs are each of Indian descent and are Indian-American immigrants. It is well known that India has a historically discriminatory racial-caste system in which those in "lower" castes (who comprise racial groups generally with darker skin) are treated less favorably in society (including in the employment context) than those in the "higher" castes (who comprise racial groups generally with lighter skin).

27. Plaintiffs are considered to be in the Garasiya Caste, which is a lower caste than the that associated with the Patels (who are descendants of the Kurmi Kshatriyas, among the highest caste in Indian society).[1]

28. Rohini and Pradeepkumar are each lighter skinned than each of Plaintiffs.

29. In Indian society, it is expected that lower castes are to greet those in the upper castes with the greeting "Jay Shree Krishna" (translation: "Hail Lord Krishna") which is a Hindu

---

[1] See India TV News, "India's Patel community: Its history and prominent personalities," 3/21/2013. Available at: https://www.indiatvnews.com/news/india/india-patel-community-its-history-and-prominent-personalities-18644.html

5

religious greeting, but also reflects a societal race and color-based discrimination.

30. Rohini and Pradeepkumar adhered to and enforced the Indian caste discrimination system in the workplace, including as to Plaintiffs.

31. Rohini and Pradeepkumar regularly demanded that each of Plaintiffs greet her husband each time they saw him by stating "Jay Shree Krishna."

32. Though humiliating, Plaintiffs generally complied with this request, on generally a daily basis.

33. In a meeting in or about September 2020, Rohini interrogated Plaintiffs as to why Mahendrasinh (purportedly) refused to say "Jay Shree Krishna" in Pradeepkumar's presence. Mahendrasinh stated that he did comply with this mandate but that Pradeepkumar did not hear him because Mahendrasinh was wearing a mask at the time.

34. Rohini and Pradeepkumar nevertheless continued to demand that moving forward, each of Plaintiffs say "Jay Shree Krishna" in her or Pradeepkumar's presence.

35. When Vickram first began employment with Defendants he worked the front desk.

36. In or around late August 2020, Rohini stated to Vickram that because he was darker skinned than she, Vickram could not work the front desk during the day and instead could only work the front desk at night. Vickram was promptly transferred to the night shift.

37. Had Plaintiffs not been of darker skin or of the Garasia race and caste, they would not have been forced to make the demeaning "Jay Shree Krishna" statement whenever they were in Rohini's or Pradeepkumar's presence.

38. Plaintiffs suffered serious emotional distress, humiliation, pain and anguish as a

result of Defendants' discrimination against them.

39. Defendants' discriminatory conduct was outrageous, wanton, reckless and willful.

### Individual Liability – Kiran Goradia

40. At all relevant times, Kiran was a principal of, and owned an interest in, Deep and Belle Meade. Kiran also served as Corporate Defendants' Chief Financial Officer and accountant.

41. As described herein, Kiran exercised supervisory authority over Plaintiffs, including by scheduling Plaintiffs' work shifts and managing workers at the Motel 6. Furthermore, Kiran also exercised discretionary control over payroll decisions with respect to Plaintiffs. Thus, Kiran also was an employer of Plaintiffs, within the meaning of the FLSA.

### Individual Liability – Rohini Patel

42. At all relevant times, Rohini was a principal of, and owned an interest in, Deep and Belle Meade.

43. Rohini directed the work of Plaintiffs at both Deep and Belle Meade.

44. Rohini had the power to, and upon information and belief, did, hire, fire and discipline employees at Deep and Belle Meade.

45. Rohini controlled payroll decisions of Deep and Belle Meade, including the decision not to pay Plaintiffs minimum wage and overtime compensation.

46. Rohini possessed authority with regard to human resource issues.

47. As described herein, Rohini exercised supervisory authority over Plaintiffs. Furthermore, Rohini also exercised discretionary control over payroll decisions with respect to Plaintiffs. Thus, Rohini was also an employer of Plaintiffs within the meaning of the FLSA.

### Individual Liability – Pradeepkumar Patel

48. At all relevant times, Pradeepkumar was a principal of, and owned an interest in,

Deep and Belle Meade.

49. Pradeepkumar directed the work of Plaintiffs at both Deep and Belle Meade, including by inspecting Housekeepers' cleaning work, and other employees' maintenance work.

50. Pradeepkumar had the power to, and upon information and belief, did, hire, fire and discipline employees at Deep and Belle Meade.

51. Pradeepkumar controlled payroll decisions of Deep and Belle Meade, including the decision not to pay Plaintiffs minimum wage and overtime compensation.

52. Pradeepkumar possessed authority with regard to human resource issues.

53. As described herein, Pradeepkumar exercised supervisory authority over Plaintiffs. Furthermore, Pradeepkumar also exercised discretionary control over payroll decisions with respect to Plaintiffs. Thus, Pradeepkumar was also an employer of Plaintiffs within the meaning of the FLSA.

## Single Employer/Joint Employers

54. At any given point in time within the last three years, one or more of Deep and Belle Meade ("Corporate Employers") *directly* employed Plaintiffs.

55. Corporate Employers were together functionally integrated in that they utilized the same or similar facilities, equipment, tools, and labor relations personnel. Corporate Employers each implemented and carried out the same labor relations policies including the compensation (or non-compensation) of Plaintiffs. Corporate Employers each exhibited common ownership and control, including through at least Kiran, Pradeepkumar and Rohini. Thus, Corporate Employers constitute a single employer.

56. Alternatively, even if Corporate Employers are not functionally integrated such that they constituted one integrated enterprise, Corporate Employers jointly employed Plaintiffs

8

because Corporate Employers through Kiran, Pradeepkumar, Rohini or other agents, shared or co-determined control over Plaintiffs with respect to the terms and conditions of employment. 29 C.F.R. § 791.2(b).

## COUNT I
### UNPAID OVERTIME AND MINIMUM WAGES– FLSA
**(Plaintiffs v. Defendants)**

57. All previous paragraphs are incorporated as though fully set forth herein.

58. The FLSA requires that covered employees be compensated at a rate of not less than $7.25 per hour, for all hours worked each week. *See* 29 U.S.C. § 206.

59. The FLSA also requires that covered employees be compensated at a rate of not less than 150% of their regular rate of pay for all hours worked in excess of forty (40) hours per week. *See* 29 U.S.C. § 207(a)(1). By operation of law, Plaintiffs' regular rate of pay for overtime purposes was the promised $12.50 per hour. See, e.g., 29 CFR § 778.108.

60. Defendants are subject to the wage requirements of the FLSA because Defendants are each an "employer" under 29 U.S.C. § 203(d).

61. During all relevant times, Defendants were each an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. During all relevant times, Plaintiffs were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

63. Plaintiffs are not exempt from the requirements of the FLSA. Plaintiffs were entitled to be paid at least the minimum wage for all hours worked, as well as at least 150% of their regular rates of pay for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. §§ 206, 207(a)(1).

64. Defendants failed to comply with 29 U.S.C. §§ 206 and 207(a)(1) by failing to compensate Plaintiffs at least in the amount of the minimum wage for all hours worked and at 150% of their regular rates of pay for all hours worked over forty (40) in a workweek.

65. Defendants knowingly failed to compensate Plaintiffs at least at the minimum wage and at 150% of their regular rates for all hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

66. Defendants also failed to make, keep, and preserve records with respect to Plaintiffs sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA.  29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

67. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

68. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages. Plaintiffs also seek overtime gap time, i.e., straight time wages in weeks in which they worked overtime.  29 CFR § 778.315.

**COUNT II**
**42 U.S.C. § 1981**
**HOSTILE WORK ENVIRONMENT DISCRIMINATION ON BASIS OF RACE, COLOR, NATIONAL ORIGIN**
**(Plaintiffs v. Corporate Defendants, Rohini and Pradeepkumar)**

69. All previous paragraphs are incorporated as though fully set forth herein.

70. Section 1981 affords all persons within the United States an equal right to make and enforce contracts, including the modification and performance of contracts, without regard to race, color and national origin.

71. Section 1981 applies to the employment context and protects at-will employees such as Plaintiffs from such discrimination, including harassment based on race, color and national origin.

72. Employers such as Defendant have an affirmative duty under Section 1981 to prohibit such discrimination.

73. Plaintiffs are each members of several protected classes (race/national origin: Indian, Ksatriya Sub-Caste; color: dark skinned).

74. As described herein, Defendants created a hostile work environment based on Plaintiffs' race, color and national origin.

75. Defendant's discrimination against Plaintiffs on the bases of race, color and national origin were the direct and proximate cause of the adverse employment actions Plaintiffs suffered.

76. As a result of this discrimination, Plaintiff suffered loss of wages and career opportunities, severe emotional distress, humiliation, loss of self-esteem, and attorneys' fees and costs.

## COUNT III
## BREACH OF CONTRACT
### (Plaintiffs v. Defendants)

77. All previous paragraphs are incorporated as though fully set forth herein.

78. As previously alleged in Paragraph 15, Plaintiffs entered into employment contracts with Defendants by accepting Defendants' offer of employment at $12.50 per hour.

79. In detrimental reliance of Defendants' promises, Plaintiffs incurred substantial moving expenses in moving from Iowa to Defendants' workplaces in Virginia. Without the offer of employment, Plaintiffs would not have incurred these expenses.

80. Defendants breached their contracts with Plaintiffs by failing to pay Plaintiffs $12.50 per hour worked.

81. After Defendants failed to pay Plaintiffs all wages owed, Plaintiffs moved back to Iowa in approximately January 2021.

82. As a result of Defendants' substantial breaches, Plaintiffs are injured in the amount of unpaid wages and moving expenses (to and from Iowa).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A. Back pay damages (including unpaid compensation for all hours worked, at applicable overtime rates) and prejudgment interest to the fullest extent permitted under the law;

B. Liquidated damages to the fullest extent permitted under the law;

C. Consequential damages due to Defendants' breach of employment contracts with Plaintiffs, including unpaid wages and out-of-pocket moving expenses;

D. Compensatory damages for emotional distress, humiliation, pain, anguish and other harms;

E. Punitive damages;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under

the law; and

G.    Such other and further relief as this Court deems just and proper.

Dated: October 10, 2022                       Respectfully Submitted,

/s/ James E. Goodley

James E. Goodley (VA 87573)
Ryan P. McCarthy*
GOODLEY MCCARTHY LLC
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0941
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorneys for Plaintiffs*

*\*Pro hac vice application to be filed*

13